## LYFORD *v.* FARRAR.

A person convicted of petty larceny cannot be a witness.

IN ASSUMPSIT, on an account annexed to the writ, and the general issue pleaded with a set-off, the plaintiff introduced evidence in support of his account, and the defendant offered as a witness one John T. Webster. The plaintiff objected to the admission of said Webster as a witness, on the ground of infamy. In support of his objection, he produced a copy of a magistrate's record, as follows :

" State of New Hampshire.　Strafford, ss.

Be it remembered that on the 23d day of April, in the year of our Lord one thousand eight hundred and thirty-eight, Samuel Shaw of New Hampton, in said county, blacksmith, complained to one Jonathan Dearborn, Esq., one of the justices of the peace of said county, that John T. G. Webster of said New Hampton, yeoman, on the twenty-second day of April, in the year of our Lord one thousand eight hundred and thirty-eight, with force and arms, at said New Hampton, in the county aforesaid, a bank note on Concord Bank, valued at five dollars, the goods and chattels

of the said Samuel Shaw, then and there being found, felo-
niously did steal, take and carry away, contrary to the form
of the statute in such case made and provided, and against
the peace and dignity of the State ; and whereupon the said
Webster, being afterwards, on the twenty-fourth day of said
April, by virtue of a warrant commanding said Webster to
be brought before said Dearborn, or some other justice with-
in and for said county, and issued on said complaint, brought
before me, the said Nicholas Taylor, a justice of the peace
in said county, and having heard the said complaint read,
said that he was guilty in manner and form, as said offence
is alleged against him, and, therefore, it is considered by me,
the said justice, that the said John T. G. Webster is guilty,
in manner and form as is in said complaint alleged. And
it is considered by me, the said justice, that the said Web-
ster pay a fine of eight dollars, for the use of said county of
Strafford, and cost of prosecution taxed at eight dollars,
and further that the said Webster pay to said Samuel Shaw,
the owner of said bank note, the sum of fifteen dollars,
being triple the value of the bank bill stolen as aforesaid,
and stand committed until sentence be performed.

> N. W. Taylor, *Justice of the Peace.*

A true copy of record.

> N. W. Taylor, *Justice of the Peace.*

The plaintiff then proved that said Webster, offered as a
witness, is the same person named in said record as John T.
G. Webster. The court then ruled that said Webster was
incompetent to testify as a witness, to which ruling the de-
fendant excepted.

The jury returned a verdict for the plaintiff, and the de-
fendant moved that the same be set aside and a new trial
granted.

*Lyford, pro se,* and *J. Bell,* for the plaintiff.

Lyford *v.* Farrar.

*E. A. Hibbard,* for the defendant.

Bell, J. The rule, in England, relative to the competency of a witness to testify who has been convicted of crime, is thus stated by Phillips, (1 Ev. 17.)

" There are many offences which our law considers such blemishes on the moral character as to incapacitate the party from giving evidence. Of this kind are treason, præmunire, and the whole class of offences which come under the denomination of felony." Co. Litt. 6, b.; Com. Dig. Testmoigne, A. 5; 2 Hale's P. C. 277; Fort's Rep. 509; *Jones* v. *Mason,* 2 Stra. 833; *Walker* v. *Kearney,* 2 Stra. 1148, are cited as authorities for this rule, to which may be added *Pendock* v. *Macinder,* 2 Wils. 18; S. C. Willes 667; Bull's N. P. 292; 1 Ch. Cr. Law 600; 1 Leach's C. L. 443, n. a.; 2 Saund. Pl. & Ev. 940; 1 Greenl. Ev. 418; 3 Stark. Ev. 715; Arch. Cr. Pl. & Ev. 94; Hawk. P. C., B. 2, ch. 46, § 19.

" Petty larceny," says Phillips, " was formerly an exception to the rule, which disqualifies for conviction of felony, by statute 31 Geo. III, ch. 35, (1791.) Before this statute, petty larceny disqualified. See 2 Hale's P. C. 277; *Pendock* v. *Macinder,* Willes 667, S. C.; 2 Wils. 18. But the distinction between grand and petty larceny having been abolished, and the latter being made subject to all the incidents of the former, that exception no longer exists, [even in England.] Stat. 7 and 8 Geo. IV. ch. 29, § 2."

No such exception has ever existed here, and the common law still governs the tribunals of this country, unless where it has been changed by State legislation. *State* v. *Gardner,* 1 Root 485; *Carpenter* v. *Nixon,* 5 Hill 260; *Commonwealth* v. *Keith,* 8 Met. 531.

The last case is almost precisely similar to the case before us, and the witness was held incompetent.

*Motion for a new trial denied.*