CASE No. 1038.

STATE v. JAMES.

One convicted of petit larceny is an incompetent witness. *State* v. *Dodson,* (3), 14 *S. C.* 628, affirmed.

Before PRESSLEY, J., Marion, March, 1881.

Indictment against Richard James, Ben James and Louis James for murder. Louis was acquitted, and Richard and Ben were convicted.

During the progress of the trial Jack Johnson and Kelly Mc-Rimmon were offered as witnesses for the state against Richard James. The counsel for Richard objected to their being sworn or their statement taken as testimony against him, on the ground that they had been convicted of infamous crimes, and therefore disqualified from testifying. The records of their conviction were produced in court, showing that Jack Johnson had been convicted of petit larceny in Court of General Sessions, 1875, and sentenced to six months' imprisonment in the state penitentiary at hard labor; and that Kelly McRimmon had been convicted of the same offence in the Court of Trial Justice, 1877, and sentenced to thirty days' imprisonment in the county jail or pay a fine of $12 and costs. There was no evidence of a pardon having been granted in either case.

The presiding judge overruled the objection and allowed the witnesses to be sworn and testify. To this ruling the counsel for Richard James excepted, and in his behalf appealed to this court.

*Messrs. C. A. Woods* and *W. J. Montgomery*, for appellant.

*Mr. Solicitor G. W. Dargan*, contra.

May 23d, 1881. The opinion of the court was delivered by

McIVER, A. J. In this case the appellant, with his two brothers, was indicted for murder. Upon the trial, which resulted in the conviction of the appellant and one of his brothers, two witnesses, who had been convicted of petit larceny, were permitted, notwithstanding the objection of the appellant, to testify. Their testimony, it is stated, affected the appellant only, and he only has appealed.

The sole question presented by the appeal is, whether a person who has been convicted of petit larceny is a competent witness.

This question has been practically decided in the recent case of *State* v. *Dodson et al.*, 14 *S. C.* 628. Further examination and reflection only serves to confirm us in the correctness of the conclusion reached in that case.

There can be no doubt that, at common law, a conviction of petit larceny rendered a witness incompetent to testify, (*Pendock* v. *Mackinder, Willes* 665; *Commonwealth* v. *Keith,* 8 *Metc.* 531; *State* v. *Gardner,* 1 *Root* (*Conn.*) 485; *Lyford* v. *Farrar,* 31 *N. H.* 314,) and we do not see how the fact that the legislature has declared the offence of petit larceny a misdemeanor and reduced the punishment, can affect the question under consideration. In a note to 1 *Greenl. on Ev.*, § 372, it is said: "It was formerly thought that an infamous punishment, for whatever crime, rendered the person incompetent as a witness by reason of infamy. But this notion is exploded, and it is settled that it is the crime and not the punishment that renders the man infamous." To the same effect see 2 *Russ. on Crimes* 974; 1 *Whart. Am. Cr. Law*, § 760; 1 *Archb. Cr. Pl. & Pr.* 504. In 1 *Greenl. on Ev.*, § 372, in speaking of the incompetency of witnesses upon the ground of infamy, it is said: "The basis of the rule seems to be that such a person is morally too corrupt to be trusted to testify," or, as is said in *Starkie on Ev.* (*Sharswood's ed.*) 118: "If a person had been convicted of an offence which is inconsistent with the common principles of honesty and humanity, the law considered his oath to be of no weight and excluded his testimony as of too doubtful and suspicious a nature to be admitted in a court of justice to affect the property or liberty of others." The fact that the legislature has seen fit to alter the amount and character of the punishment for this offence does not change the nature of the offence, the moral qualities of which remain the same as before. This, therefore, cannot restore the competency of a person convicted of this offence, for, as we have seen, "it is the crime, and not the punishment, that renders the man infamous."

In some of the states of the Union statutes have been passed altering the law in this respect, and declaring that a person convicted of petit larceny shall not thereby be rendered incompetent to testify as a witness. But we have no such statute in this

state, and must, therefore, adhere to the rule of the common law.

We think, therefore, that the Circuit judge erred in permitting witnesses who had been convicted of petit larceny to testify in this case, and that the appellant, against whom alone these witnesses testified, is entitled to a new trial.

The judgment of this court is, that the judgment of the Circuit Court be reversed as to the appellant, Richard James, and that the case be remanded to that court for a new trial as to the said Richard James.

SIMPSON, C. J., and McGOWAN, A. J., concurred.