# LORENZO W. NORWOOD.

## vs.

# CHARLES L. WISEMAN.

*Municipal Ordinance—Police Power—Trial by Jury—Excessive Penalty—Legislative Reaffirmance.*

The passage of Ordinance No. 22 of the Town of Westernport, imposing a penalty for selling intoxicating liquors without first obtaining a license, was within the authority of the Mayor and Commissioners, conferred by the town charter. ·

p. 701

Ordinance No. 22 of the Town of Westernport, imposing a penalty for selling intoxicating liquors without first obtaining a license, is not invalid on the ground that a person cannot be twice tried for the same offense, the State law also making this a criminal offense.                     p. 700

A town ordinance, imposing a penalty for selling intoxicating liquors without first obtaining a license, passed in the exercise of the police power granted by the charter, is not invalid because it confers summary jurisdiction of such offense upon justices of the peace, without giving a right of jury trial or of appeal.                     p. 700

That a town ordinance provided a maximum penalty for its violation, in excess of the amount authorized by the town charter, did not invalidate the ordinance, and the penalty could be enforced to the extent of the lawful limit.           p. 702

A valid town ordinance which imposed a maximum penalty for its violation in excess of the amount authorized by the town charter, was made enforceable as to such maximum penalty by the subsequent passage of a statute which authorized the town to impose penalties to that amount. .           .           p. 703

*Decided November 18th, 1922.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Petition by Lorenzo W. Norwood against Charles L. Wiseman, justice of the peace, for the issue of a writ of *certiorari*. From an order quashing the writ issued upon such petition, petitioner appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Clarence Lippel*, with whom were *Arch A. Young* and *Young & Lippel* on the brief, for the appellant.

*Horace P. Whitworth*, submitting on brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

Lorenzo W. Norwood, appellant, on December 29th, 1921, was brought before Charles L. Wiseman, justice of the peace, appellee, charged with violating Ordinance No. 22 of the Town of Westernport in Allegany County, which ordinance was as follows:

"Ordinance No. 22.

"An ordinance to prohibit the sale, keeping for sale or offering for sale or barter of intoxicating liquors within the corporate limits of the Town of Westernport by any person or persons without having first obtained therefor a license under the local liquors law of Allegany County.

"Section 1. Be it enacted by the Mayor and Commissioners of Westernport that it shall not be lawful for any person or persons to sell, keep for sale or offer to sell or barter any intoxicating liquors within the corporate limits of the Town of Westernport, without having first obtained a license under the local liquor laws of Allegany County, permitting the person or persons so selling, keeping or offering for sale or barter, to sell said intoxicating liquor.

"Section 2. And be it further enacted that any person or persons offending against the provisions of this

ordinance by selling, keeping for sale or offering to
sell or barter any intoxicating liquors without such
license first had and obtained, shall upon conviction
before a justice of the peace thereof pay a fine of not
less than twenty-five dollars nor more than one hun-
dred dollars for each offense, and each sale or offer to
sell shall be considered a separate offense, and the
offender or offenders be subjected to a like fine or pen-
alty for such offense, and in default of payment of the
fine or fines herein provided the offender or offenders
may be committed to the town lockup or to the jail of
Allegany County, for a term not to exceed twenty days
or until such fine or fines are paid.

"Section 3. And be it further enacted that this ordi-
nance shall take effect from the date of its passage.

"Passed at a meeting of the Mayor and Com-
missioners of Westernport, held Wednes-
day, April 9, 1919.

"J. F. Laughlin, Mayor.

"Attest:

"O. H. Bruce, Clerk."

The above ordinance was passed on April 9th, 1919.   The
Charter of Westernport at that date is to be found in the
Code of Public Local Laws, article 1, sections 241, 242, 243,
244, 245, 246, 247, 248, 249, 250 and 251; and in chapter
135 of Acts of 1890, chapter 5 of Acts of 1892, chapter 203
of Acts of 1904 and chapter 644 of Acts of 1910.

On conviction by appellee, appellant filed a petition for
writ of *certiorari* in the Circuit Court for Allegany County,
on which an order was passed directing that the writ be issued
as prayed.   The petition, as amended, is as follows:

"To the Honorable the Judges of said Court:

"The amended petition of Lorenzo W. Norwood in
this case filed respectfully represents:

"That on the             day of            , 1919, the
Mayor and Commissioners of the Town of Western-
port, Maryland, passed an ordinance known as Ordi-

nance No. 22, in which it is provided that it shall be unlawful for any person or persons to sell intoxicating liquors within the corporate limits of the Town of Westernport without first having obtained the required license under the local liquor laws of Allegany County, Maryland.

"That on the            day of December, 1921, Charles L. Wiseman, a justice of the peace in and for Allegany County, Maryland, issued two warrants against your petitioner, charging him with the illegal sale of liquor within the corporate limits of the Town of Westernport without first obtaining the required license under the local liquor laws of Allegany County, Maryland, in violation of the provisions of said Ordinance No. 22 above mentioned, and that on the twenty-ninth day of December, 1921, your petitioner was tried on said warrants by said justice of the peace, was convicted and fined the sum of $100.00 on each of said charges. That after said judgment was entered your petitioner prayed an appeal from the judgment of said justice of the peace to the Circuit Court for Allegany County, which was refused by said justice.

"Your petitioner now alleges that said Ordinance No. 22 is void and of no legal effect, because it undertakes to provide against certain acts which are already a violation under the laws of the State of Maryland, and they entitle the petitioner to the right of jury trial, and said ordinance fails to provide the defendant with the right of appeal and jury trial, and that, therefore, said justice of the peace was without jurisdiction to try your petitioner, and his judgments entered in said cases were null and void, and said ordinance is void because the Mayor and Commissioners were not vested with power under the charter to pass the same.

"Your petitioner, therefore, prays your honorable court to pass an order granting him the writ of certiorari, commanding the said Charles L. Wiseman to certify to your honorable court the proceedings had

before him against your petitioner, so' that your honorable court may review the same and dispose of said case. according to law and justice.

"All of which is most respectfully submitted.

"Bernard V. Welsh,
"Arch A. Young,
"Clarence Lippel,
"Attorneys for Petitioner."

From an order of the court quashing the writ this appeal was taken.

By a stipulation which appears in the record, "it is agreed that all questions as to the sufficiency of the evidence before the magistrate shall be waived and that the only matter at issue is the power and right of the Mayor and Commissioners of Westernport to pass said · Ordinance No. 22 and the constitutionality of the same, as well as the jurisdiction of the respondent to try and convict the petitioner for violation of the said ordinance."

The three questions presented by counsel for appellant, in their brief and oral argument, are:

1. "Did the Mayor and Commissioners of the Town of Westernport have authority to pass Ordinance No. 22 ?"

2. Is said ordinance invalid "as not giving the right of jury trial or appeal ?"

3. Is said ordinance invalid "because a person cannot be twice tried for the same offense ?"

The case of *Rossberg* v. *State*, 111 Md. 394, is conclusive of the first proposition, on all the objections presented by appellant, against his contentions.

The above case and the case of *Shafer and Wife* v. *Mumma*, 17 Md. 331 (at p. 336) dispose of the third question, also against appellant's position.

And *State* v. *Ward*, 95 Md. 118, and *State* v. *Loden*, 117 Md. 373, are conclusive of the second question against appellant.

The several questions are so fully discussed in the cases above cited, that further discussion would be but repetition.

Recurring to the first question, however, we find in the charter, at the time of the passage of the ordinance in question, the following express power, viz: "To regulate and license or tax saloons or restaurants." And the following sweeping general powers: "And for the purpose of carrying out the foregoing powers and for the preservation of the cleanliness, health, peace and good order of the community, and for the protection of the lives and property of the citizens, or to suppress, abate or discontinue or to cause to be suppressed, abated or discontinued all nuisances," etc., "they may pass all ordinances or by-laws from time to time necessary," etc.

This is practically granting "all the power commonly known as the police power," commented on by JUDGE PEARCE in *Rossberg* v. *State, supra,* and which he said justified the "Cocaine Ordinance" considered in that case.

In addition to this, chapter 714 of the Acts of 1920, authorized the Mayor and Commissioners of Westernport "to enforce such rules, penalties and regulations as they may think necessary * * * to suppress drunkenness, vice and immorality," etc. It authorized penalties from $25 to $100.

This act was passed after the date of the ordinance in question, but it expressly provided "that all ordinances of the said Town of Westernport not inconsistent with any of the powers and provisions of this act shall be and remain in full force and power until repealed, altered, changed or modified by the Mayor and Commissioners of Westernport," etc.

The point that the maximum penalty provided by the ordinance and imposed by the justice of the peace was in excess of the amount authorized by the charter, was not made in this Court, and does not appear to have been raised at the trial below; and it is not clear that we are required to consider it on appeal in proceedings of this character. But we find no difficulty in disposing of it.

In *Baltimore City* v. *Stewart,* 92 Md., at p. 552, CHIEF JUDGE MCSHERRY, who wrote the opinion of this Court, speaking of an ordinance, the validity of which was questioned as being in excess of the power of the City of Baltimore under its charter, said: "The ordinance * * * was in force when the new city charter was adopted and by sec. 3 of · that charter—Acts of 1898, ch. 123—'all ordinances of the Mayor and City Council of Baltimore now in force and not inconsistent with this act, shall be and they are hereby continued until changed or repealed'; that is, changed or repealed by the municipality. This enactment amounted to a legislative reaffirmance."

. In the later case of *Bostock* v. *Sams,* 95 Md. 416, this Court held that the ordinance in question in that case was not ratified by a similar act of the General Assembly of Maryland, because the ordinance was not valid when passed. But it is not to be supposed that it was intended by the later decision to overrule the earlier one of so recent date without referring to it, especially as CHIEF JUDGE MCSHERRY, who wrote the first opinion, and JUDGE JONES, who wrote the other, sat in both cases, and all the judges, except one, who sat in the first case, participated in the later decision, but it is rather to be inferred that the difference in the opinions was due to the difference in the subject matters of the two ordinances.

"When the penalty prescribed in the ordinance is in excess of that authorized by the charter, the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit." *R. C. L.* page 812, sec. 116; *Sutherland on Statutory Construction* (2 ed.) sec. 299; *Cartersville* v. *McGinnis,* 142 Ga. 71; *Greenville* v. *Piedmore,* 86 S. C. 442.

The ordinance in question was valid at the time of its enactment, because the town was authorized to legislate with reference to the subject matter of the ordinance. It was

merely not enforceable as to the amount of the fine in excess of that authorized by the charter.

In this respect it is distinguishable from the ordinance in question in *Bostock* v. *Sams, supra.*

It would be unreasonably technical to hold that the ordinance in the present case would be enforceable if now reenacted in precisely the present form, and yet was not made enforceable, as to the maximum penalty therein provided, by the Act of 1920, *supra,* which adopted the very language of the ordinance in the penalty authorized.

The ordinance being *valid* as originally enacted, and merely not enforceable as to the excess penalty, we hold that it was the legislative intent, in the Act of 1920, *supra,* to make enforceable the penalty as fixed by the ordinance and to reaffirm the ordinance in its entirety.

*Order affirmed, with costs to appellee*

OFFUTT, J., dissents.