WAAM, INC. *v.* OBER, POLICE COMMISSIONER
[No. 135, October Term, 1951.]

*Decided February 8, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Herbert Levy,* for appellant.

*Robert M. Thomas, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court of Baltimore City sustaining a demurrer to a bill for an injunction, without leave to amend, and dismissing the bill. The bill was filed on December 7, 1951 by WAAM, Inc., a Maryland corporation engaged in the business of television broadcasting, and alleged that the respondent was unlawfully interfering with its business by threatening to arrest a customer, Custom Upholstering and Carpet Company, on a charge of violating the Sunday ordinance, Section 74, Article 24, Baltimore City Code (1950 ed.). The bill alleged that the complainant had entered into a contract, filed as an exhibit, with "A. W. & L. Adv.", an advertising agency representing its advertiser "Custom", for a television program of one hour, on Sundays at 1:30 P. M., for thirteen successive Sundays beginning November 4, 1951 and ending January 27, 1952. The contract contained a clause reading: "Client reserves right to cancel with two weeks written notice after telecast of November 11, 1951." The price of each broadcast was fixed at $625. The advertising feature of the program was described as follows:

"Announcement is made, in the course of the program, to call Lexington 1400 to make an appointment to see a decorator of your Orator's customer, who will give a free estimate in the home of the person calling, at his convenience, on reupholstering and made-to-order slip covers. The statement is made that the person calling will be under no obligation and that your Orator's customer will arrange very liberal terms; that the first payment will not start until next February; that your Orator's customer's reupholstering will save the person

calling at least one-half the cost of new furniture of comparable beauty."

The bill further alleged that Custom "has refused and intends to refuse to carry out its contract with your Orator as a result of the alleged actions of the defendant". The appellant states in its brief that the last broadcast was made on December 9, 1951, and discontinued thereafter pending appeal. The bill alleged that the program did not "involve either the sale, disposition of, barter, or dealing in, or giving away, any articles of merchandise on Sunday", in violation of the ordinance, that if the ordinance were so construed, it is "unconstitutional, null and void", and that the complainant "has no plain, complete and adequate remedy at law".

The appellee urges that we take judicial notice of the fact that "Lexington 1400" is listed in the telephone directory as the number of the store operated by Custom Upholstering and Carpet Company. He does not suggest that advertising on Sunday is unlawful *per se*, but argues that the program contemplates that calls for appointments be made to the store on Sunday pursuant to the broadcast, that this requires an employee to be on duty at the store, and that the activity amounts to "dealing in" articles of merchandise on Sunday. We find it unnecessary to pass upon this question and express no opinion thereon. While the Chancellor did not file an opinion, he evidently acted upon the grounds set up in the demurrer that the complainant had no standing to sue and had an adequate remedy at law. We do not reach the questions of construction or constitutionality until the preliminary question is disposed of.

The general rule is that equity will not interfere to prevent the enforcement of a criminal statute, even though unconstitutional. *Hammond v. Lancaster,* 194 Md. 462, 473-474, 71 A. 2d 474, 479; *Hitchcock v. Kloman,* 196 Md. 351, 356, 76 A. 2d 582, 584. There is a well-established exception to the rule, however, where the threatened prosecution affects property rights and will result in irreparable injury. 1 High (4th ed.), Injunc-

tions § .68; *Clark v. Harford Agricultural & Breeders' Association,* 118 Md. 608, 85 A. 503; *Mogul v. Gaither,* 142 Md. 380, 121 A. 32; *Spann v. Gaither,* 152 Md. 1; *Crider v. Cullen,* 191 Md. 723, 63 A. 2d 618. In the *Crider* case the court assumed the standing to sue and sustained the dismissal of the bill on the merits. In the *Spann* case the complainant had been subjected to repeated arrests and the Police Commissioner had refused to suspend arrests pending the decision of a test case, so that no other remedy was available. It was also shown that the complainant would have been required to shut down his business completely and would suffer irreparable injury. In all of these cases the suit was brought by the person threatened with arrest. In the instant case the complainant is not threatened with arrest, and the person threatened is not a party to the proceeding. Nor is it shown that any property rights of the complainant are affected.

The gravamen of the complaint in the instant case is that the threat against the advertiser caused it to breach its contract with the complainant. It would appear from the contract that the advertiser had an unqualified right to cancel on two weeks notice. The appellant states in its brief that it "invited Custom to join with it as party plaintiff in the litigation, but the latter declined and gave as its reason that it did not wish to incur the ill-will of the Lord's Day Alliance or other orthodox Christians of the City of Baltimore". It would seem that the refusal to continue the broadcasts was based upon reasons of business policy rather than the threat of arrest. The refusal, of course, forestalled the possibility of a test of the ordinance through criminal proceedings.

If we assume from the allegations of the bill that the threat was the real cause of the breach, the burden was upon the complainant to state facts showing that its remedy at law was inadequate, and that it would suffer irreparable injury. Bald allegations are not sufficient. *Cohen v. Frey & Son, Inc.,* 193 Md. 285, 291, 66 A. 2d

784, 786. From all that appears in the bill the only interest of the complainant in the continuance of the broadcasts is to obtain payment of the fixed amounts. Even if the cancellation was a breach, the broadcaster would be under a duty to mitigate damages by obtaining another customer; if it did so, it would probably suffer no damage at all. In any event, it could sue at law for its monetary loss under the contract and, presumably, recover an enforceable judgment. The appellee suggests that in such an action the customer could plead the unenforceability of the contract as a justification for the alleged breach, and thus put the validity of the ordinance in issue. But that question is not before us.

In *Georgia Music Operators v. Atlanta,* 183 Ga. 794, 190 S. E. 32 the complainant supplied coin-operated music machines to many small restaurant-keepers on a profit-sharing basis. The city authorities, under threat of arrest, were requiring these restaurant-keepers to take out a $250 dance-hall license. It was alleged that this action was unlawful, under a proper construction of the ordinance, that the license fee was prohibitive and affected the complainant's business. The court held, however, that the complainant's interest was too indirect to warrant equitable relief by injunction.

In *Davis & Farnum Manufacturing Co. v. Los Angeles,* 189 U. S. 207, 219, 23 S. Ct. 498, 47 L. Ed. 778 cited in *Clark v. Harford Agricultural & Breeders' Association, supra* the complainant had a contract with a gas and fuel company to erect a gas holder on the property of a third person. The City passed an ordinance to prohibit the erection of gas tanks in that location, and stopped the work by a number of arrests. The subcontractor brought a bill against the City to enjoin enforcement of the ordinance, which was alleged to be void and to impair the obligation of contract. The court dismissed the bill, and this was affirmed on appeal to the Supreme Court, on the ground that it had shown no sufficient interest and no lack of an adequate remedy at law. The court said: "the facts set forth in the bill show that,

if the plaintiff be entitled to a remedy at all, it has an action against the Gas and Fuel Company, which is presumed at least to be able to respond in damages for all such as plaintiff may have suffered by the interruption of the contract. Whether the Gas and Fuel Company in such action could defend upon the ground that the municipality had forbidden the prosecution of the work, might depend somewhat upon the terms of the contract, and upon the right of the Gas and Fuel Company to take advantage of the interference of the city. As to this we express no opinion. It is true the employees of the plaintiff were arrested, but that fact alone wrought no legal injury to the plaintiff, since if it were prevented from any cause for which the Gas and Fuel Company were chargeable, it might bring an action for damages against that company, with which alone its contract was made, and recover such damages as it could prove to have sustained."

We think the reasoning of that case is apposite here. The appellant has not made out such a case for relief as to outweigh the disadvantage of deciding a constitutional issue which is apparently moot, in the absence of the person accused, and without concrete facts before us. The complainant's interest in the validity of the ordinance is not immediate or direct and its injury, if any, is wholly speculative.

*Decree affirmed, with costs.*