# LILLIAN ANN HARDY *v.* STATE OF MARYLAND

[No. 37, September Term, 1976.]

*Decided February 28, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Patrick R. Hudson* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case presents a question expressly reserved in *Thompson v. State,* 278 Md. 41, 53-54 n. 5, 359 A. 2d 203 (1976): Does a defendant have a right to a jury trial in the circuit court upon a de novo appeal from a District Court criminal conviction?

Under Maryland's two-tier trial court system, the District Court has exclusive original jurisdiction in a criminal case in which the defendant is charged with one of certain enumerated theft felonies involving less than $500.00 or is charged with a misdemeanor carrying a maximum penalty

of less than three years' imprisonment or a fine of less than $2,500.00, Maryland Code (1974, 1976 Cum. Supp.), §§ 4-301 and 4-302 (c) of the Courts and Judicial Proceedings Article. If the defendant is charged with a misdemeanor punishable by imprisonment of three years or more or a fine of $2,500.00 or more, the District Court has concurrent jurisdiction with the circuit court, § 4-302 (c) of the Courts and Judicial Proceedings Article. All other criminal cases are within the exclusive original jurisdiction of the circuit court.

A person charged in the District Court with an offense punishable by imprisonment of three months or less has no right to demand a jury trial but is tried in the District Court without a jury. However, a person charged in the District Court with an offense carrying a maximum penalty of more than three months' imprisonment may, prior to trial in the District Court, elect one of two options: (1) he may demand a jury trial, whereupon the case is immediately removed to the circuit court and becomes a matter within the circuit court's exclusive original jurisdiction, to be tried in the circuit court with a jury, or (2) he may, by failing to demand a jury trial, have his case tried in the District Court without a jury, § 4-302 (d) of the Courts and Judicial Proceedings Article. If a defendant is tried in the District Court, he may appeal from the final District Court judgment to the circuit court of the county in which the judgment was entered, §§ 12-401 (a) and 12-403 of the Courts and Judicial Proceedings Article. The statute further provides that such "appeal shall be tried de novo" in the circuit court, § 12-401 (c) of the Courts and Judicial Proceedings Article.

Turning to the facts of the instant case, the defendant Lillian Hardy was arrested and charged in the District Court, sitting in Prince George's County, with the misdemeanor of shoplifting goods valued at less than $100.00, in violation of Code (1957, 1976 Repl. Vol.), Art. 27, § 551A. The offense is punishable by a maximum of 18 months' imprisonment, and therefore the defendant was entitled to demand a jury trial before trial in the District Court and have the case removed to the circuit court for a

jury trial. The defendant did not elect, however, to exercise her statutory right to a jury trial at this stage. She was tried and convicted in the District Court, and fined $100.00. The defendant took an appeal to the Circuit Court for Prince George's County and requested a jury trial upon her de novo appeal. This request was denied, and she was tried and convicted by the circuit court without a jury. Thereafter, we granted the defendant's petition for a writ of certiorari to consider her claim that she had been denied her statutory and constitutional rights to trial by jury in the circuit court's de novo appellate proceedings.

In *Thompson v. State, supra,* 278 Md. 41, this Court held that a defendant charged with a crime in a trial court of general jurisdiction is, absent any statutory provision to the contrary, entitled to the common law mode of trial, *i.e.,* trial by jury. This is true whether the offense be deemed "petty" or not. Thus, if the instant case had not been within the District Court's exclusive original jurisdiction but had originated in the circuit court, the defendant would clearly have been entitled to a jury trial. The instant case, however, involves an appeal to the circuit court from a District Court criminal conviction, and *Thompson* expressly reserved comment on the possible existence of a right to a jury trial in circumstances where a circuit court or the Criminal Court of Baltimore is exercising *appellate* rather than *original* jurisdiction in criminal cases. *Thompson v. State, supra,* 278 Md. at 53-54 n. 5.[1]

Although the circuit court in this case was exercising its appellate jurisdiction rather than its general trial jurisdiction, it is required by statute to try such cases "de novo," § 12-401 (c) of the Courts and Judicial Proceedings Article. It is generally accepted that "de novo" means "afresh" or "anew". The central issue of this case, therefore, is whether the Legislature's use of the term "de novo" requires that the defendant's appeal be treated as if it were

---

1. The *Thompson* case, as well as our discussion in the present case, concerns the right to a jury trial under Maryland common law and statutes, and not as a matter of constitutional right under either the federal or state constitutions. *See* n. 2, *infra.*

entirely an original proceeding, thus including a right to a trial by jury. The State contends that it does not and that "the de novo aspect of the appeal should only apply to the necessity to present the evidence a second time." (State's brief, p. 7.)

We disagree. The State's suggested construction of the statutory term "de novo" is too narrow. This Court has consistently treated de novo appeals as wholly original proceedings, that is, as if no judgment had been entered in the lower court. In *Montgomery Ward v. Herrmann,* 190 Md. 405, 409, 58 A. 2d 677 (1948), this Court, reaffirming a holding first set forth in *Borden v. Barry,* 17 Md. 419 (1861), stated:

> "We reaffirm the rule, in accordance with the prevailing view in other states, that where a defendant appeals from an adverse judgment to a court in which the case is tried *de novo,* the plaintiff has the same right to take a non-suit and dismiss his suit *as if the action had been originally commenced in the appellate court."* (Emphasis supplied.)

Likewise, concerning the question of whether a higher judgment may be entered for the plaintiff on a de novo appeal than was received in the lower court, this Court in *Zitzer v. Jones,* 48 Md. 115, 117 (1878), stated:

> "On appeals of ... [this] kind the case is tried *de novo,* the parties are not restricted to the proof given before the Justice, but the case goes on and is decided as if no judgment had been rendered, and without regard to the question by whom the appeal may have been prosecuted."

With respect to the specific question of whether an appeal de novo includes a jury trial, in *State v. Rutherford,* 145 Md. 363, 370, 125 A. 725 (1922), this Court, speaking through Judge W. Mitchell Digges, construed the term "de novo" in a statute as follows:

> " ... [The ordinance] provides, upon appeal to it,

the Baltimore City Court shall hear said case *de novo* and pass such order in the premises as it may deem right and proper. There is nothing in the language used which would indicate the intention of the law makers to prohibit a jury trial, but, on the contrary, *it is such language as would be ordinarily used in giving appeals to courts consisting of judge and jury*, and, it will be noted, is substantially the same language used in section 86 of article 5 of the Code of Public General Laws relating to appeals from justices of the peace to the circuit courts for the counties or the Baltimore City Court, in which said cases we can find no case in which it has been even contended that a jury trial was denied, or any decision of this Court holding that the language therein used prevented or denied a trial by jury.... Any other construction given to the language used in said section ... would be contrary to the meaning usually and ordinarily given to the words employed ...." (Emphasis supplied.)

Although *State v. Rutherford, supra,* was not a criminal case, it nevertheless involved a construction of a statutory provision for an appeal "de novo" as including the right to a jury trial. It is a long-established principle that " '[w]here words used in an Act of Assembly have received a judicial construction, it is presumed that the Legislature employed them in that sense, unless a contrary intent can be gathered from the whole Act.' " *McKee, et al. v. McKee's Admrs.,* 17 Md. 352, 359 (1861). *See also Shriner v. Mullhausen,* 210 Md. 104, 114-115, 122 A. 2d 570 (1956). There is nothing in the statutory provisions relating to appeals from the District Court to suggest that the Legislature was using the term "de novo" in a sense contrary to the construction previously given by this Court.

Consequently, by providing in § 12-401 (c) of the Courts and Judicial Proceedings Article that appeals from the District Court in criminal cases "shall be tried de novo," the Legislature intended that the appeal be treated as an

original circuit court proceeding with the right to a jury trial.

An additional question of waiver was raised in this case. As previously discussed, under the statutory scheme of jurisdiction in criminal cases, a defendant charged in the District Court with an offense carrying a penalty of three months' imprisonment or less is not entitled by statute to elect a jury trial prior to trial in the District Court, whereas a defendant facing a maximum of more than three months' imprisonment is entitled to elect a jury trial before the District Court trial, § 4-302 (d) of the Courts and Judicial Proceedings Article. It was suggested that even if defendants who were not originally entitled to elect a jury trial at the District Court stage of the proceedings are entitled to a jury trial upon their de novo appeal, defendants who could have had a jury trial before their District Court trial but elected otherwise should not be given another opportunity to do so upon appeal. In other words, it is urged, a defendant like Lillian Hardy, facing a maximum of 18 months' imprisonment, could have elected to have her case removed to the circuit court for a jury trial, and her failure to elect this avenue amounted to a waiver of her right to a jury trial upon appeal.

However, the statutory right to elect a jury trial at the initial stage of the District Court proceedings, and the statutory right to a jury trial upon a de novo appeal, are separate and distinct statutory rights. As we said in *Thompson v. State, supra,* 278 Md. at 48, "§ 4-302 (d) concerns only the right to make a demand, in the District Court, for a jury trial." It has no application to a defendant's right to a jury trial in the circuit court's de novo proceedings. Waiver of one statutory right does not imply waiver of another right under a different statutory provision. Nor should it be assumed that the defendant intended to waive all rights to a jury trial. Because of the greater speed and informality of the District Court proceedings, a defendant might well elect an initial trial in the District Court, knowing that under a different statute he or she will be entitled to a de novo appeal if convicted in the

District Court, and without intending to affect in any way his or her rights associated with that de novo appeal. Thus, under the present statutes, a criminal defendant, appealing from a District Court judgment, has a right to a trial by jury in the circuit court de novo proceedings regardless of the seriousness of the criminal charges or whether he or she could have elected a jury trial under § 4-302 (d).

We conclude, therefore, that defendant Lillian Hardy was entitled to a jury trial in the circuit court upon her de novo appeal from the District Court criminal conviction.[2]

> *Judgment of the Circuit Court for Prince George's County reversed and case remanded for a new trial.*
>
> *Costs to be paid by Prince George's County.*

---

2. In light of our holding that the defendant had a statutory right to a jury trial in the "de novo" appellate proceedings, we do not reach her alternate claim of a constitutional right to a jury trial in such proceedings.