504 A.2d 626

**Eloise H. FISHER**

v.

**STATE of Maryland.**

**No. 89, Sept. Term, 1984.**

Court of Appeals of Maryland.

Order Jan. 10, 1985.

Opinion Feb. 24, 1986.

358

William A. Lee Clarke III and Leonard Bruce Wade (Clarke, Hearne, Webster & Spery, P.A., on brief), Salisbury, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

## ORDER

PER CURIAM.

For reasons to be stated in an opinion later to be filed, it is this 10th day of January, 1985

ORDERED, by the Court of Appeals of Maryland, that because the right to trial by jury established in *Kawamura v. State*, 299 Md. 276, 473 A.2d 438 (1984), extends to a charge of driving a vehicle while intoxicated filed in the District Court of Maryland under Maryland Code (1977, 1984 Repl. Vol.), § 21–902(a) of the Transportation Article, the judgment of the Circuit Court for Wicomico County be, and it is hereby, reversed and the cause remanded for a jury trial. Costs to be paid by Wicomico County; and it is further

ORDERED, that the mandate shall issue forthwith.

Argued before SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

This case concerns the constitutionality of Maryland Code (1974, 1984 Repl. Vol.), § 4–302(d)(2)(ii) of the Courts and Judicial Proceedings Article, which limits a criminal defendant's right to be tried by a jury under certain circumstances,[1] as applied to one charged with driving while intoxicated

---

1. Section 4–302(d) provides as follows:

   "(d) *Jury trial.*—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

   (2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

under Code (1977, 1984 Repl. Vol.), § 21–902(a) of the Transportation Article.

Under § 4–302(d)(2)(i) of the Courts and Judicial Proceedings Article, a criminal defendant in the District Court is entitled to a jury trial in any case where the maximum authorized penalty for the offense with which he is charged is imprisonment for greater than ninety days. If a defendant in such a case demands a jury trial, the District Court is deprived of jurisdiction, and jurisdiction is vested in the appropriate circuit court so that a jury trial may proceed. Under § 4–302(d)(2)(ii), however, if the prosecutor recommends that the district judge *not* impose a term of imprisonment for more than ninety days, and if the judge so agrees, the defendant is not entitled to a jury trial and the case remains in the District Court to be tried without a jury. In *Kawamura v. State*, 299 Md. 276, 473 A.2d 438 (1984), this Court held that § 4–302(d)(2)(ii), as applied to one charged with theft under Code (1957, 1982 Repl. Vol.), Art. 27, § 342(f)(2),[2] was unconstitutional because it denied the

---

(ii) Notwithstanding the provisions of subparagraph (i) of this paragraph, the presiding judge of the District Court may deny a defendant a jury trial if:

1. The prosecutor recommends in open court that the jduge not impose a penalty of imprisonment for a period in excess of 90 days, regardless of the permissible statutory or common law maximum;

2. The judge agrees not to impose a penalty of imprisonment for a period in excess of 90 days; and

3. The judge agrees not to increase the defendant's bond if an appeal is noted.

(iii) The State may not demand a jury trial."

**2.** Art. 27, § 342(f)(2), provides as follows:

"A person convicted of theft where the property or services that was the subject of the theft has a value of less than $300 is guilty of a misdemeanor and shall restore the property taken to the owner or pay him the value of the property or services, and be fined not more than $500, or be imprisoned for not more than 18 months, or be both fined and imprisoned in the discretion of the court; however, all actions or prosecutions for theft where the property or services that was the subject of the theft has a value of less than $300 shall be commenced within 2 years after the commission of the offense."

defendant his right to a jury trial under the Maryland Declaration of Rights.

In the instant case, we previously filed a per curiam order, reversing the judgment of the Circuit Court for Wicomico County "because the right to trial by jury established in *Kawamura v. State* ... extends to a charge of driving a vehicle while intoxicated filed in the District Court of Maryland under ... § 21–902(a)." We shall now give in more detail the reasons for our per curiam order.

The relevant facts are as follows. On June 5, 1984, Eloise H. Fisher appeared for trial, in the District Court of Maryland sitting in Wicomico County, to answer charges of driving while intoxicated (§ 21–902(a) of the Transportation Article) and failure to obey a traffic control device (§ 21–201 of the Transportation Article). Both of these offenses are misdemeanors. Under § 27–101(b) of the Transportation Article, failure to obey a traffic control device is punishable by a fine of not more than $500. Section 27–101(i) of the Transportation Article (1985 Supp.) provides that driving while intoxicated is punishable by a fine of not more than $1,000 or imprisonment for not more than one year or both for a first offense, and by a fine of not more than $1,000 or imprisonment for not more than two years or both for a second offense. Moreover if a person is convicted of a second offense of driving while intoxicated within three years of the first conviction, a period of imprisonment or community service is mandatory.[3]

---

3. Section 27–101(k) of the Transportation Article (1985 Supp.) states:
   "(k) *Mandatory minimum penalty.*—(1) In this subsection, 'imprisonment' includes confinement in an inpatient rehabilitation or treatment center.
   (2) A person who is convicted of a violation of § 21–902(a) of this article within 3 years after a prior conviction under that subsection is subject to a mandatory minimum penalty of:
      (i) Imprisonment for not less than 48 consecutive hours; or
      (ii) Community service for not less than 80 hours.
   (3) The penalties provided by this section are mandatory and are not subject to suspension or probation."

Fisher made a timely demand for a trial by jury. The State then recommended, and the district judge agreed, that Fisher would receive a sentence of not longer than ninety days should she be found guilty. Pursuant to § 4–302(d)(2)(ii) the judge denied Fisher's demand for a jury trial. Fisher requested that her trial be stayed pending resolution of her assertion that she was constitutionally entitled to a trial by jury, but the request was denied. After a trial in the District Court, Fisher was found guilty of driving while intoxicated and not guilty of failure to obey a traffic control device, and she was sentenced to pay a $245.00 fine plus $5.00 court costs.

Fisher then petitioned the Circuit Court for Wicomico County for a writ of certiorari. In support of the petition, Fisher argued that her timely demand for a trial by jury deprived the District Court of jurisdiction and that the application of § 4–302(d)(2)(ii) unconstitutionally deprived her of a trial by jury. After a hearing, the circuit court ruled that "Section 4–302(d)(ii) of the Courts and Judicial Proceedings Article, as applied to the charge of driving while intoxicated, ... is not in violation of the Constitution of the United States or the Constitution of the State of Maryland." The circuit court therefore concluded that Fisher's demand for a jury trial did not deprive the District Court of jurisdiction.

Fisher filed an order of appeal to the Court of Special Appeals, and, before any proceedings in that court, we issued a writ of certiorari. As previously indicated, our order disposing of this case held that, under the Maryland constitutional principles reviewed in *Kawamura v. State*, *supra*, § 4–302(d)(2)(ii) of the Courts and Judicial Proceedings Article is invalid as applied to one charged with driving while intoxicated under § 21–902(a) of the Transportation Article, that Fisher was entitled to a trial by jury in the

first instance under the Maryland Declaration of Rights,[4] that her timely demand for a jury trial deprived the District Court of jurisdiction, and that the case should be remanded for a jury trial in the circuit court.[5]

In *Kawamura v. State, supra*, the State argued that because application of § 4–302(d)(2)(ii) imposes a ninety-day limit on incarceration, theft under $300 was a "minor" or "petty" offense for purposes of the state constitutional right to a jury trial, and thus there was no right to trial by jury. Alternatively, the State argued that, even if there were a jury trial right for theft under $300, the right was fully satisfied by affording Kawamura a jury trial in a de novo appeal to the circuit court.[6] After reviewing this

---

**4.** Article 5 of the Maryland Declaration of Rights provides in relevant part:

"That the Inhabitants of Maryland are entitled to ... trial by jury...."

Article 21 of the Declaration of Rights states:

"That in all criminal prosecutions, every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty."

Article 23 of the Declaration of Rights provides in pertinent part:

"In the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact, except that the Court may pass upon the sufficiency of the evidence to sustain a conviction."

Article 24 of the Declaration of Rights provides:

"That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges ... or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

**5.** Because of the determination that § 4–302(d)(2)(ii) was invalidly applied in light of the Maryland Constitution, our per curiam order did not reach, and this opinion will not reach, Fisher's alternate contention that she was entitled to a jury trial in the first instance under the Sixth and Fourteenth Amendments to the Constitution of the United States.

**6.** Sections 12–401(d) and (e) of the Courts and Judicial Proceedings Article provide:

"(d) *De novo and on record appeals.*—In a civil case in which the amount in controversy exceeds $1,000 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every

Court's prior decisions dealing with the state constitutional right to a jury trial at the initial trial level in criminal cases, we rejected both of the State's arguments.

The *Kawamura* opinion began by discussing *State v. Glenn*, 54 Md. 572 (1880), where the Court had recognized that "despite the broad language of several Declaration of Rights sections, jurisdiction could be conferred upon a justice of the peace to try, without a jury, certain minor offenses." 299 Md. at 288, 473 A.2d 438. In *Glenn*, Judge Alvey pointed out for the Court that the Maryland Legislature, both in the colonial period and after the Revolution, had conferred jurisdiction upon justices of the peace to try certain types of offenses without a jury, 54 Md. at 602–603, and that English statutes had provided for such summary jurisdiction over minor and statutory police offenses "for centuries past," *id.* at 600. Reasoning that the framers of the Declaration of Rights "were well acquainted with the history of [such] legislation," and that "it is difficult to suppose" that they intended to "altogether interdict the use of a long and well-established summary jurisdiction," *id.* at 605–606, the Court in *Glenn* held that the constitutional right to a jury trial does not extend to offenses which historically had been covered by statutes conferring summary jurisdiction upon justices of the peace. *Id.* at 606. Vagrant and habitually disorderly conduct, the offense at issue in *Glenn*, was held to be one such offense.

In *Kawamura*, we reviewed later cases concerning the Maryland constitutional right to trial by jury and delineated

---

other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo.

(e) *Right to a jury trial.*—In a criminal appeal that is tried de novo, there is no right to a jury trial unless the offense charged is subject to a penalty of imprisonment or unless there is a constitutional right to a jury trial for that offense."

For a discussion of the common law right to trial by jury in the circuit court, *see Thompson v. State,* 278 Md. 41, 48–53, 359 A.2d 203 (1976). *See also Hardy v. State,* 279 Md. 489, 492, 369 A.2d 1043 (1977).

the important factors which must be considered in determining whether the state constitutional right attaches to a particular offense at the initial trial level.

As indicated above, the first significant consideration is whether the offense had historically been subject to the summary jurisdiction of justices of the peace or whether it had historically been tried before juries. *Kawamura v. State, supra,* 299 Md. at 291, 473 A.2d 438; *Danner v. State,* 89 Md. 220, 224, 226, 42 A. 965 (1899); *State v. Glenn, supra.*

The second important factor is whether the offense is an infamous crime or subject to infamous punishment. In *Danner* the Court held that, even though historically in England and in many states the right to a jury trial did not attach to petit larceny, in Maryland the constitutional right to a jury trial in the first instance attached to that offense because it was subject to infamous punishment. The *Danner* opinion held (89 Md. at 226, 42 A. 965):

> "It may, however, be stated as a general rule that for any criminal offense for which a person is liable to infamous punishment, a trial by jury cannot be denied him. . . . It cannot be questioned that confinement in the penitentiary is an infamous punishment."

In light of the *Glenn* and *Danner* cases, we concluded in *Kawamura* as follows (299 Md. at 291, 473 A.2d 438):

> "*Glenn* and *Danner,* therefore, establish that the right to a jury trial guaranteed by the Maryland Declaration of Rights does not attach, at least at the initial trial level, to certain minor criminal offenses, although this class cannot be precisely defined. Nevertheless the state constitutional jury trial right does attach in the first instance to offenses which historically had been tried before juries. It also attaches to any infamous offense or any offense subject to infamous punishment."

The third significant factor in determining whether the Maryland constitutional right to a jury trial in the first instance attaches to a particular offense, is the seriousness

of the offense. In *Baum v. Warden of Jail,* 110 Md. 579, 585, 73 A. 294 (1909), the Court held that the constitutional jury trial right attached to an assault offense created by local statute, even though it was not a felony and was not punishable by confinement in the penitentiary. The conclusion was based on the Court's view that the offense was "certainly of a more serious character than vagrancy or habitually disorderly conduct." 110 Md. at 585, 73 A. 294. *See also State v. Stafford,* 160 Md. 385, 153 A. 77 (1931). And in holding that the constitutional right to a jury trial attached to the offense of theft under $300, we stated in *Kawamura,* 299 Md. at 296, 473 A.2d 438: "Theft, regardless of the amount involved, is and always has been regarded as an extremely serious offense in Maryland."

Finally, we emphasized in *Kawamura* that, insofar as the place or length of incarceration is pertinent in determining whether the offense is subject to infamous punishment or is regarded as a serious offense, "it is the maximum sentence and place of incarceration established by the legislature for the particular offense which controls, and not the maximum sentence or place of incarceration decided by the court in a particular case." 299 Md. at 292, 473 A.2d 438.

In light of the principles set forth in *Kawamura, Baum, Danner* and *Glenn,* the state constitutional right to a jury trial at the initial level certainly attaches to the offense of driving while intoxicated. The consideration of whether the offense had been tried before juries or had been subject to the summary jurisdiction of justices of the peace at and before the time when the Declaration of Rights was adopted is, of course, totally inapplicable, as the offense was unknown at that time. Nevertheless, the other significant considerations set forth in our cases clearly require a holding that the jury trial right attaches.

First, the offense is subject to infamous punishment. As previously discussed, driving while intoxicated is punishable by maximum imprisonment terms of one year for the first offense and two years for the second offense. No statu-

tory provisions limit the place of confinement to local jails. Consequently, under Code (1957, 1982 Repl.Vol.), Art. 27, § 690, a person convicted of driving while intoxicated is subject to being sentenced to the custody of the Commissioner of Correction and may be required by the Commissioner to serve his sentence in the Penitentiary. See the discussion in *Kawamura*, 299 Md. at 295–296, 473 A.2d 438.

Second, the offense of driving while intoxicated is extremely serious. This is shown by the terrible consequences of the offense upon human lives and the manner in which the offense is regarded by the public. The maximum terms of imprisonment authorized by the Legislature constitute further indication of the offense's seriousness. Moreover, as previously noted, *supra* n. 3, the General Assembly has provided a mandatory minimum term of imprisonment, which cannot be suspended, for a second offense committed within three years of the first offense. A mandatory minimum term of imprisonment, not subject to suspension, is unusual for a second offense.[7]

Additionally, the seriousness of driving while intoxicated is illustrated by the decision in *United States v. Woods*, 450 F.Supp. 1335 (D.Md.1978). In that case, the United States District Court for the District of Maryland held that driving while intoxicated in national park land in contravention of 36 C.F.R. § 50.28(c) is a serious offense for which an accused must be accorded a right to trial by jury under the Sixth Amendment to the federal constitution. Although the maximum prescribed punishment for this federal offense was less than six months and fell within the federal definition of "petty offenses," the court found that Maryland treated driving while intoxicated as a serious offense. The Court in *Woods*, 450 F.Supp. at 1349, quoted the uncompromising evaluation of driving while intoxicated set forth in *United States v. Barner*, 195 F.Supp. 103 (N.D.Cal.1961):

---

**7.** *Compare* Art. 27, § 643B, dealing with mandatory minimum sentences only upon the third or fourth convictions.

"Whoever drives under the influence of intoxicating liquor risks death and destruction, not only for himself and his property, but for the person and property of innocent bystanders as well. Under these circumstances, it is apparent that such a person is guilty of an innately reprehensible act which every reasonable person would decry. And this such a reasonable person would do regardless of whether the act was proscribed by statute. The offense is, in truth, *malum in se.* He who drives while under the influence of intoxicating liquor drives at his own risk in more ways than one."

See also *United States v. Craner,* 652 F.2d 23 (9th Cir. 1981).

We hold, therefore, that the Maryland constitutional right to a jury trial in the first instance attaches to the offense of driving while intoxicated in violation of § 21–902(a) of the Transportation Article, and that § 4–302(d)(2)(ii) of the Courts and Judicial Proceedings Article is unconstitutional as applied to that offense. Nevertheless, we point out that the Legislature has provided a way for the prosecution to accomplish essentially the same result as under § 4–302(d)(2)(ii) in a case not sufficiently serious to warrant transfer to the circuit court for a jury trial. Prior to 1969, there was one offense of driving or attempting to drive a motor vehicle while "under the influence of intoxicating liquor." Code (1957, 1967 Repl.Vol.), Art. 66½, § 206. In 1969 the General Assembly replaced this offense with two offenses. Ch. 158 of the Acts of 1969. The first and more serious offense is driving while intoxicated, which is the offense charged in the present case. The second and less serious offense is driving while under the influence of alcohol,[8] and is punishable by a fine of not more than $500 or not more than two months imprisonment or both for the first offense. § 21–902(b) of the Transportation Article. One charged with such lesser offense cannot receive a

---

**8.** This was called "while ... driving ability is impaired by the consumption of alcohol" between 1969 and 1981.

sentence of more than two months imprisonment. Consequently, in our view, the constitutional right to a jury trial would not attach. Accordingly, if the prosecution did not wish to seek the stronger penalties and desired the case to be tried in the District Court, the State could simply charge the defendant, as a first offender, with the lesser offense of driving while under the influence of alcohol.