567 A.2d 109

**Anthony Tyrone HAWKINS**

v.

**STATE of Maryland.**

**No. 31, Sept. Term, 1989.**

Court of Appeals of Maryland.

Dec. 22, 1989.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

RODOWSKY, Judge.

Historically, one of the sacred cows of Maryland practice is the trial de novo on an appeal from a court of limited jurisdiction to a circuit court. Currently appeals from the District Court of Maryland, other than by consent or in civil actions in which the amount in controversy exceeds $2,500, are tried de novo. Md.Code (1974, 1989 Repl.Vol.), § 12–401(d) of the Courts and Judicial Proceedings Article (CJ).[1] This case asks which court hears allegations that a convicted person violated the conditions of a probation imposed by a District Court judgment which was appealed

---

1. CJ § 12–401(d) reads:
"In a civil case in which the amount in controversy exceeds $2,500 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo."

to a circuit court where the appeal was voluntarily dismissed before trial de novo.

In July 1985 petitioner, Anthony Tyrone Hawkins (Hawkins), was convicted in the District Court of Maryland, sitting in Kent County, of trespassing and resisting arrest. The presiding judge, Hon. John T. Clark, III, sentenced Hawkins to five years confinement with all but eighty-nine days suspended. Hawkins appealed to the Circuit Court for Kent County where the matter came on for trial after Hawkins had completed serving the unsuspended portion of his sentence. Before trial, Hawkins, through counsel, dismissed the appeal. The judge of the Circuit Court for Kent County, Hon. George B. Rasin, Jr., wrote on the face of Judge Clark's order for probation the words, "This Order adopted as Circuit Court Order." Judge Rasin signed that notation under date of January 3, 1986. The docket of the Circuit Court for Kent County reflects an entry on that date in Hawkins's appeal which reads:

"Motion by Defendant to Dismiss appeal. Motion granted by the Court. District Court Sentence Reimposed. Probation Order signed by Judge John T. Clark, III, adopted by Judge Rasin."

The order for probation included the condition that Hawkins obey all laws.

In May 1987 Hawkins was convicted in the Circuit Court for Kent County on a number of motor vehicle violations including driving on a revoked license and driving while intoxicated, for which he was sentenced to thirteen months imprisonment and five years of supervised probation. In July 1987 Hawkins was again convicted in the Circuit Court for Kent County. The offense was assault and battery for which he was sentenced to five years confinement, the final three years of which were suspended. That sentence was consecutive "to any other sentence to be served."

Thereafter the State, relying on the May and July 1987 convictions, petitioned the Circuit Court for Kent County to find that Hawkins had violated the order of probation

adopted by that court on January 3, 1986. Hearing on that petition was held before Hon. Elroy G. Boyer, Judge Rasin's successor as judge of the Circuit Court for Kent County. At that hearing Hawkins moved to dismiss the petition on the ground that jurisdiction lay in the District Court. Judge Boyer denied the motion, found Hawkins violated a condition of probation, reimposed the suspended portion of the original five year sentence, and directed that that sentence run concurrently with "any sentence now being served or to be served."

Hawkins appealed to the Court of Special Appeals which affirmed in an unreported opinion. We granted Hawkins's petition for a writ of certiorari.

■ We affirm because Maryland Rule 1314 c controls, and under that rule it is an order of the Circuit Court for Kent County which was violated. Rule 1314 c, part of Ch. 1300, entitled "Appeals from the District Court," reads:

"If the party appealing fails to appear for trial in the appellate court or moves to abandon his appeal, he waives the right to a trial *de novo*. In the event of such waiver the appellate court shall enter as its judgment the same judgment as was entered in the lower court."

This rule has been in effect since July 1, 1973, without change, other than to reletter subsection "b" as "c" in 1978. Judge Rasin correctly applied the rule when, in January 1986, he entered as a circuit court order the District Court's order of probation promulgated by Judge Clark.

■ Hawkins argues that literally applying Rule 1314 c so that it includes orders of probation entered under the circumstances presented here results in having probation violations heard by a judge other than the one who heard the facts concerning the offense and the defendant. This, Hawkins submits, violates the policy of Maryland Rule 4–346 under which a violation of probation hearing "shall be

held before the sentencing judge, whenever practicable." [2]
We recently addressed the importance of the policy and its
administrative enforcement in *State v. Peterson*, 315 Md.
73, 553 A.2d 672 (1989).

Rule 1314 c is a rulemaking response to conceptual com-
plexities which previously haunted de novo appeals in the
stages between entry of the order for appeal from the
judgment of the court of limited jurisdiction and entry of
judgment by the circuit court following a trial de novo.  In
*Zitzer v. Jones*, 48 Md. 115, 117 (1878), this Court, referring
to the permitted introduction of additional evidence on an
appeal tried de novo, said that "the case goes on and is
decided as if no judgment had been rendered" in the court
of limited jurisdiction.  The substance of that statement has
been repeated in later cases.  *See, e.g., Montgomery Ward
& Co. v. Herrmann*, 190 Md. 405, 409, 58 A.2d 677, 679
(1948) (damages on appeal de novo not limited to damages
in lower court); *Hardy v. State*, 279 Md. 489, 493, 369 A.2d
1043, 1046 (1977) (right to jury on appeal de novo not lost by
defendant's declining to elect jury for trial in the first
instance); *Lewis v. State*, 289 Md. 1, 5, 421 A.2d 974, 977
(1980) (conviction in circuit court not barred by double
jeopardy for offenses treated in lower court as merged).
Chapter 1300 of the Maryland Rules, which went into effect
July 5, 1971, when the District Court initially commenced
operations, did not address the conceptual complexity.  By
April 1973 it had come to the attention of the Rules Commit-
tee that, when a person convicted in the District Court had

---

**2.** Maryland Rule 4–346 is part of Ch. 400, "Criminal Causes," which
applies to both circuit courts and the District Court.  Rule 4–346(c) in
its entirety reads:
"On motion of the State's Attorney or by its own order, the court
may hold a hearing to determine whether any condition of proba-
tion has been violated.  The motion or order shall state each
violation of conditions charged and shall be served on the defendant
in sufficient time before the hearing to permit a reasonable opportu-
nity to rebut the charges.  The hearing shall be held before the
sentencing judge, whenever practicable.  The provisions of Rule
4–242 do not apply to an admission of violation of conditions of
probation."

appealed to a circuit court but failed to appear for trial de novo, some circuit courts were dismissing the appeal while others issued a bench warrant for the defendant. As a result present Rule 1314 c was proposed to, and adopted by, this Court.

Rule 1314 was again before the Rules Committee in 1988. The possibility of remanding the case to the District Court when the appeal was withdrawn or when the appellant failed to appear for trial or other proceeding was discussed by the Committee, but it concluded not to recommend any change in the present rule. Those minutes suggest that the purpose of Rule 1314 c was to avoid the concern that "upon appeal the District Court judgment is vacated and becomes a nullity." Court of Appeals Standing Committee on Rules of Practice and Procedure, Minutes of Meeting of September 9–10, 1988, at 16.

Further, in May 1978, Judge Adkins of this Court, who was then State Court Administrator, had caused to be published administrative memorandum 78–7 entitled, "Maryland Rule 1314[c] (Rules Applicable to Cases Heard De Novo—Waiver of De Novo Trial–Effect)—Entry and Enforcement of Judgment." 5 Md.R. No. 9, at 678 (May 5, 1978). The memorandum recited that it had been brought to the attention of Chief Judge Murphy of this Court and Chief Judge Sweeney of the District Court "that the proper action required by Maryland Rule 1314[c] is not undertaken in all cases." After setting forth the text of present Rule 1314 c the memorandum stated:

> "It is the opinion of both Chief Judges that under these circumstances, the appeal should not be noted as dismissed but rather judgment must be entered and all further proceedings including issuance of a bench warrant or other action pursuant to the judgment should be taken by the circuit court because the District Court loses jurisdiction when the appeal is taken.
>
> "The foregoing Administrative Memorandum is published by direction of Chief Judge Murphy for the information and guidance of all concerned."

The argument made by Hawkins in the instant matter is, in essence, a policy argument. The result which Hawkins seeks cannot be achieved by judicial construction of Rule 1314 c but is more properly addressed to this Court's rulemaking function.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.