568 A.2d 1123

**Dana Marcellus KLEBERG**

v.

**STATE of Maryland.**

**No. 151, Sept. Term, 1989.**

Court of Appeals of Maryland.

Feb. 6, 1990.

---

Stanley M. Dietz, Poolesville, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen.), Baltimore, for respondent.

Submitted before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and CHASANOW, JJ.

ELDRIDGE, Judge.

The issue presented by the petition for a writ of certiorari concerns a defendant's right to a circuit court jury trial on a de novo appeal from a District Court judgment in a criminal case.

Dana Marcellus Kleberg was charged with both driving while intoxicated and driving while under the influence of alcohol in violation of Maryland Code (1977, 1987 Repl.Vol.), § 21–902 of the Transportation Article. Driving while intoxicated is prohibited by § 21–902(a) of the Transportation Article, and, under § 27–101(k) of that Article, is subject to a maximum penalty for a first offense of one year imprison-

ment or a fine of not more than $1,000 or both. Driving while under the influence of alcohol is a lesser included offense of driving while intoxicated, is prohibited by § 21–902(b) of the Transportation Article, and, under § 27–101(c), is subject to a maximum penalty of two months imprisonment or a fine of not more than $500 or both. *See Fisher v. State,* 305 Md. 357, 504 A.2d 626 (1986). *See also* the discussion of these statutes in *Nast v. Lockett,* 312 Md. 343, 352–355, 539 A.2d 1113 (1988).

The charges against Kleberg came on for trial in the District Court of Maryland, sitting in Montgomery County, on June 2, 1989. In light of the seriousness of the driving while intoxicated charge, Kleberg could have elected a jury trial prior to trial in the District Court. If he had so elected, the case would have been transferred to the Circuit Court for Montgomery County for a jury trial. *See* Code (1974, 1984 Repl.Vol., 1989 Cum.Supp.), § 4–302(e) of the Courts and Judicial Proceedings Article; *Fisher v. State, supra.*

Kleberg did not elect a jury trial and pled not guilty. At the conclusion of the trial, the District Court acquitted Kleberg of driving while intoxicated under § 21–902(a) of the Transportation Article but convicted him of driving while under the influence of alcohol in violation of § 21–902(b). The District Court sentenced Kleberg to 60 days incarceration, suspended the sentence, and placed him on supervised probation for nine months with the requirement to attend an alcohol education course. The court also imposed a $500 fine, of which $250 was suspended.

Kleberg then filed a timely order of appeal to the Circuit Court for Montgomery County. The record was received by the circuit court on June 16, 1989. On June 22, 1989, Kleberg filed in the circuit court a written plea of not guilty and a written demand for a jury trial.

When the case was called for trial in the circuit court on October 10, 1989, the prosecuting attorney objected to the court providing a jury trial. After oral argument, the

circuit court held that Kleberg was not entitled to a jury trial and ruled that the trial would be nonjury. Following the nonjury trial, Kleberg was convicted of driving while under the influence of alcohol in violation of § 21–902(b) and was fined $100 plus costs.

In Kleberg's petition for a writ of certiorari, the only issue raised is whether the circuit court erred in denying a jury trial on the de novo appeal. Kleberg asserts that, with respect to demands for jury trials in de novo appeals from District Court convictions for driving while under the influence of alcohol in violation of § 21–902(b), the rulings of the judges of the Circuit Court for Montgomery County are in conflict. According to Kleberg, some of the circuit judges hold that an appellant is entitled to a jury trial in this situation, and some of the circuit judges agree with the ruling of the circuit judge below. The State, in its response to the certiorari petition, accepts the facts set forth in the petition and does not dispute the assertion concerning a conflict among circuit court rulings. The State argues that Kleberg was not entitled to a jury trial in the circuit court because the maximum term of imprisonment for driving while under the influence of alcohol, in violation of § 21–902(b) of the Transportation Article, is two months, and because under § 4–302(e) of the Courts and Judicial Proceedings Article "a defendant is not generally entitled to a jury trial unless the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days." The State also appears to suggest that Kleberg, by not requesting a jury trial before the trial in the District Court, had waived any right to a jury trial on a circuit court de novo appeal.

█ We have granted Kleberg's petition for a writ of certiorari, and we shall summarily reverse the judgment of the circuit court. Under the pertinent statutory provisions and cases, Kleberg was clearly entitled to a jury trial on his de novo appeal.

Section 12–401(d) of the Courts and Judicial Proceedings Article states that appeals from the District Court to a circuit court in criminal cases "shall be tried de novo." In *Hardy v. State,* 279 Md. 489, 494–495, 369 A.2d 1043, 1047 (1977), this Court held that "by providing ... that appeals from the District Court in criminal cases 'shall be tried de novo,' the Legislature intended that the appeal be treated as an original circuit court proceeding with the right to jury trial." Earlier, in *Thompson v. State,* 278 Md. 41, 359 A.2d 203 (1976), we had held that in original circuit court criminal trials, a defendant has a common law right to a jury trial in *every* criminal case, regardless of the nature of offense or the maximum penalty for the offense involved, unless the General Assembly had specifically restricted the right to jury trials in circuit court criminal cases. At the time of the *Hardy* and *Thompson* decisions, there were no legislative restrictions on the right to jury trials in circuit court criminal cases.

Subsequently, the General Assembly enacted § 12–401(e) of the Courts and Judicial Proceedings Article. That section reflects the holding in the *Hardy* case and places a limitation upon the right to a jury trial in a de novo criminal appeal. Section 12–401(e) states:

> "In a criminal appeal that is tried de novo, there is no right to a jury trial unless the offense charged is subject to a penalty of imprisonment or unless there is a constitutional right to a jury trial for that offense."

Thus, in every de novo criminal appeal where the offense is one subject to a penalty of imprisonment, there is a right to a jury trial. As driving under the influence of alcohol in violation of § 21–902(b) of the Transportation Article is an offense subject to two months imprisonment, a right to a jury trial attaches to that offense upon a circuit court de novo appeal. *See Harper v. State,* 312 Md. 396, 399–400, 540 A.2d 124 (1988).

The State's reliance on § 4–302(e) of the Courts and Judicial Proceedings Article, and its suggestion of waiver,

are entirely misplaced.[1]  Both *Thompson v. State, supra,* and *Hardy v. State, supra,* held that what is now § 4–302(e) relates solely to the right in the District Court to demand a jury trial prior to trial in the District Court.  It has no application to de novo appeals in the circuit court.  Moreover, as held in *Hardy,* the failure of a defendant to demand a jury trial under § 4–302(e), prior to trial in the District Court, is not a waiver of his right to a jury trial on the de novo appeal in the circuit court.  We explained in *Hardy* as follows (279 Md. at 495–496, 369 A.2d at 1048):

"[I]t is urged [that] a defendant like Lillian Hardy, facing a maximum of 18 months' imprisonment, could have elected to have her case removed to the circuit court for a jury trial, and her failure to elect this avenue amounted to a waiver of her right to a jury trial upon appeal.

"However, the statutory right to elect a jury trial at the initial stage of the District Court proceedings, and the statutory right to a jury trial upon a de novo appeal, are separate and distinct statutory rights.  As we said in *Thompson v. State, supra,* 278 Md. at 48 [359 A.2d 203], '§ 4–302[ (e) ] concerns only the right to make a demand, in the District Court, for a jury trial.'  It has no application to a defendant's right to a jury trial in the circuit court's de novo proceedings.  Waiver of one statutory right does not imply waiver of another right under a different statutory provision.  Nor should it be assumed that the defendant intended to waive all rights to a jury trial.  Because of the greater speed and informality of the District Court proceedings, a defendant might well elect an initial trial in the District Court, knowing that under a different statute he or she will be entitled to a de

---

**1.** Section 4–302(e) provides in pertinent part as follows:

"(e) *Jury trial.*—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

"(2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case."

novo appeal if convicted in the District Court, and without intending to affect in any way his or her rights associated with that de novo appeal. Thus, under the present statutes, a criminal defendant, appealing from a District Court judgment, has a right to a trial by jury in the circuit court de novo proceedings regardless of ... whether he or she could have elected a jury trial under § 4–302[ (e) ]."

Consequently, there is no merit in the argument advanced by the State in its response to the certiorari petition.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

MONTGOMERY COUNTY TO PAY COSTS.