REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0099

September Term, 2013

_____

STEPHANIE ANN ABE

v.

STATE OF MARYLAND

_____

Zarnoch,
Graeff,
Kenney, James A., III
 (Retired, Specially Assigned),

JJ.

_____

Opinion by Kenney, J.

_____

Filed: May 1, 2014

Stephanie Ann Abe, appellant, appeals an order from the Circuit Court for Allegany County remanding her case for theft of property valued at less than $100 to the District Court for trial. Appellant presents one question on appeal: does appellant have a State constitutional right to a trial by jury in the circuit court when charged with theft less than $100?

## FACTS

On July 20, 2012, appellant was charged in the District Court for Allegany County with a single charge, theft of property valued at less than $100. *See* Md. Code (2002, 2012 Repl. Vol.), § 7-104 of the Criminal Law Article ("C.L.") (Maryland's consolidated theft statute). The statutory punishment, in addition to restitution, is "imprisonment not exceeding 90 days or a fine not exceeding $500 or both." *Id.* at § 7-104(g)(3)(i).

When appellant prayed a jury trial her case was forwarded to the circuit court. *See* Md. Code (1974, 2013 Repl Vol.) § 4-302(e)(1) of the Courts and Judicial Proceedings Article ("C.J.P.") ("The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial[.]"). The State moved to remand the case back to the District Court on grounds that appellant was not entitled to a jury trial as the penalty for theft less than $100 did not exceed 90 days. *Id.* at § 4-302(e)(2)(i) ("[U]nless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case."). The circuit court granted the State's remand request, and appellant filed an interlocutory appeal. The District Court stayed further proceedings pending the outcome of the appeal.

**DISCUSSION**

Appellant argues on appeal that the circuit court erred in remanding her case back to the District Court because she has a State constitutional right to a trial by jury where she was charged with theft – an infamous crime.[1] The State responds that we must dismiss her claim because there has been no final judgment and the collateral order doctrine, an exception to the final judgment rule, does not apply.

**A. Does the collateral order doctrine apply?**

In Maryland, appellate jurisdiction generally arises only after entry of a final judgment. *See Harris v. State*, 420 Md. 300, 312 (2011) (citing C.J.P. § 12-301). The "fundamental objective," the "finality" requirement is "to prevent piecemeal appeals and to prevent the interruptions of ongoing judicial proceedings[.]" *Id*. (quotation marks and citations omitted) (brackets in *Harris*). In criminal cases, "no final judgment exists until after conviction and sentence has been determined, or in other words, when only the execution of the judgment remains." *Id*. (quotation marks and citation omitted). There are "three well-identified, but infrequently sanctioned, limited exceptions to the final judgment rule": appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Md. Rule 2-602; and appeals from interlocutory orders allowed under the common law collateral order doctrine. *Id*. at 313-14. (footnote, quotation marks, and

---

[1] Appellant cites no federal authority and makes no argument that her federal right to a jury trial under the Sixth and Fourteenth Amendments to the United States constitution has been violated.

citations omitted).  Without any supporting argument, appellant asserts that her appeal is reviewable under the collateral order doctrine.

In *Falik v. Hornage*, 413 Md. 163 (2010), the Court of Appeals reiterated the four factual predicates to application of the collateral order doctrine.  The Court stated that the collateral order doctrine:

> treats as final and appealable interlocutory orders that (1) conclusively determine the disputed question; (2) resolve an important issue; (3) resolve an issue that is completely separate from the merits of the action; and (4) would be effectively unreviewable on appeal from a final judgment.

*Falik*, 413 Md. at 177 (citation and quotation marks omitted).  The Court further stated: "[t]he collateral order doctrine is a very narrow exception to the final judgment rule, and each of its four requirements is very strictly applied in Maryland.  In particular, the fourth prong, unreviewability on appeal, is not satisfied except in extraordinary situations."  *Id*. (citation and quotation marks omitted).

Appellant complains that by sending her case back to the District Court, she will be deprived of her right to a jury trial, but that does not necessarily follow.  If she is convicted in the District Court, she can appeal to the circuit court and have a *de novo* jury trial.  *See* C.J.P. § 12-401(b) (a criminal defendant may appeal to the circuit court from a final judgment in the District Court); (f) (a criminal appeal shall be tried *de novo* in the circuit court); and (g) (in a criminal appeal tried *de novo*, the defendant has the right to a jury trial where the offense charged is subject to a penalty of imprisonment).  *See also Kleberg v. State*, 318 Md. 411, 416 (1990) ("the statutory right to elect a jury trial at the initial stage of

3

the District Court proceedings" pursuant to § 4-302(e)(2) "and the statutory right to a jury trial upon a *de novo* appeal" under § 12-401(d) of this article "are separate and distinct statutory rights").

To be sure, appellant does not expressly argue that she is entitled initially to a jury trial in the circuit court, without having to first go through a separate non-jury trial in the District Court. But, based on cases cited by appellant, we understand appellant's argument to be that she was initially entitled to a jury trial in the circuit court without first going through a non-jury trial in the District Court. If appellant is correct, the doctrine would apply. *See Kawamura v. State*, 299 Md. 276, 282-83 n.5 (1984)(although the matter of appealability was not before the Court, the Court noted that Kawamura's claim that he was entitled initially to a jury trial without first going through a separate non-jury trial in the District Court would effectively be lost if not appealable until the conclusion of the District Court trial). We conclude, however, that appellant was not entitled to a jury trial before a trial in the District Court, and thus, the collateral order doctrine is not satisfied. Accordingly, we affirm the circuit court's ruling. We explain.

### B. Does Maryland's constitutional right to a jury trial attach at the initial level to theft of property valued at less than $100?

Over the years, Maryland's Court of Appeals has had many opportunities to determine whether and when Maryland's constitutional right to a jury trial attaches in the first instance to different types of crimes. *See Ashford v. State*, 358 Md. 552, 556 (2000) (jury trial right attaches to offense of constructive criminal contempt); *State v. Huebner*, 305 Md. 601, 609

4

(1986) (jury trial right attaches to offense of resisting arrest); *Fisher v. State*, 305 Md. 357

368 (1986) (jury trial right attaches to offense of driving while intoxicated but right does not

attach to offense of driving while under the influence); *Kawamura v. State*, 299 Md. 276,

294-95 (jury trial right attaches to offense of theft of property valued at less than $300); *State*

*v. Stafford*, 160 Md. 385, 387 (1931) (right to a jury trial attaches to offense of assault and

battery); *Danner v. State*, 89 Md. 220, 229 (1899) (right to a jury trial attaches to offense of

theft of property valued at less than five dollars); and *State v. Glenn*, 54 Md. 572, 605-06

(1880) (no jury trial right attaches to offense of vagrancy).

From these cases, three factors have been distilled to help determine whether the State

constitutional right to a jury trial attaches to an offense at the initial trial level. The first

factor is whether the offense had historically been considered a petty offense subject to the

jurisdiction of justices of the peace or whether it had historically been tried before juries. *See*

*Fisher*, 305 Md. at 365. The second is whether the accused is subject to an infamous penalty

– does the offense have a significant statutory penalty or is the accused subject to

incarceration in the penitentiary? *See Id*. The third is whether the offense is an infamous

crime or considered a serious offense. *See Id*. at 365-66.

*Danner* and *Kawamura*, are particularly instructive in this case because in those cases

the Court was asked to determine whether a jury trial right attached to petty theft, as it was

defined at that time. In *Danner*, Danner was charged and convicted of theft of corn having

a value of one dollar and sentenced to 30 days imprisonment. In 1896, the Maryland General

5

Assembly had conferred jurisdiction upon justices of the peace to try persons charged with petty larceny which was then defined as theft of property not exceeding five dollars. The statute provided for a *de novo* appeal to the circuit court for a jury trial upon conviction by a justice of the peace. Petty larceny was then classified as a felony carrying a maximum sentence of 18 months of imprisonment. Code (1888), Art. 27, §157. The statute specifically authorized confinement either in the penitentiary or the county jail. *See Id*.

The question before the *Danner* Court was whether one charged with petty theft, as then defined, was entitled to a jury trial in the first instance under the Maryland Declaration of Rights. The Court recognized that the right to a jury trial, at least at the initial trial level, does not attach to many minor criminal offenses. The Court concluded that the framers of the Declaration of Rights would not have intended to nullify previous legislation limiting jury trial rights or do away with the well-established process of summary jurisdiction. *See Danner*, 89 Md. at 226. The *Danner* Court also recognized that "by the common law of England and in some of the States of the United States petit larceny, though a felony, was regarded as a minor offence not punishable by an infamous penalty; and was therefore not to be classified with . . . infamous crimes when the right of the accused to a jury trial was being considered." *Id*. at 224. Nonetheless, the Court held that the right to a jury trial attached to petty larceny, as then defined, because Maryland's constitutional right to a jury trial generally attached to any offense for which an infamous punishment could be imposed, and confinement in the penitentiary was an infamous punishment. *Id*. at 226.

6

In *Kawamura*, Kawamura was charged in the District Court with theft of property valued at less than $300 and prayed a jury trial. At that time, the monetary divide between felony theft and misdemeanor theft was $300. *See* Code (1957, 1982 Repl Vol.), Art. 27, §§ 342(f)(1), (2). Felony theft was punishable by imprisonment for a period not to exceed 15 years and/or a fine of $1,500, while misdemeanor theft was punishable by imprisonment for a period not to exceed 18 months and/or a fine not to exceed $500. *See Id*. The State recommended, and the trial court agreed to be bound by the recommendation, that Kawamura receive a prison sentence of no longer than 90 days should he be found guilty. Pursuant to C.J.P. §4-302(d)(2)(ii), which permitted a trial in the first instance in the circuit court if one is charged with a crime where the possible sentence is more than 90 days, the trial court denied Kawamura's jury trial request. Kawamura appealed.

In holding that the jury limitation provided in § 4-302(d)(2)(ii) was invalid as applied to theft of property valued at less than $300, the Court observed that the offense involved was, in substance, the same as the offense considered in *Danner*. *See Kawamura*, 299 Md. at 295. The *Kawamura* Court noted that the maximum prison sentence was the same – 18 months – and, while confinement in the penitentiary was not specifically mentioned in the then current theft statute, unlike the situation in *Danner*, it was elsewhere stated that if one was sentenced to three or more months imprisonment, confinement could be had in the penitentiary. *See Id*. (citing Art. 27, § 690(b)). Although petty theft at the time of *Danner* was classified as a felony and at the time of *Kawamura* as a misdemeanor, the Court found

7

this immaterial because "[t]heft, regardless of the amount involved, is and always has been regarded as an extremely serious offense in Maryland." *Id*. at 296 (citations omitted). Accordingly, the Court held that Kawamura was entitled to a jury trial in the circuit court at the initial trial level. *See Id*. at 297.

We also find *Fisher v. State*, 305 Md. 357 (1986), decided two years after *Kawamura*, instructive. In *Fisher*, the Court was asked to decide whether Maryland's constitutional right to a jury trial attaches to the crime of driving while intoxicated. The offense was a misdemeanor punishable by imprisonment not exceeding one year and/or a fine of not more than $1,000 for the first offense. *See Fisher*, 305 Md. at 361 (citing Md. Code (1985 Supp.), § 27-101(i) of the Transportation Article ("Tr.")). The State recommended, and the District Court agreed to be bound to the recommendation, that Fisher not be sentenced to a term longer than 90 days, should she be found guilty.

After considering the three factors listed above, the *Fisher* Court concluded that Maryland's constitutional right to a jury trial at the initial level attaches to the offense of driving while intoxicated. *See Id*. at 368. The Court found the first factor, whether the offense had historically been tried before juries or subject to the justices of the peace, to be "totally inapplicable" because there was no such offense historically. *Id*. at 366. The Court found that the offense was subject to infamous punishment because it was punishable for a term of one year for the first offense and that confinement was not limited to local jails. Rather, an offender may be required to serve his sentence in the penitentiary. *See Id*. at 366-

67. While the offense was not an infamous crime, the Court found the offense extremely serious as seen by the "terrible consequences of the offense upon human lives and the manner in which the offense is regarded by the public," noting that whosoever drives while intoxicated risks death and destruction to both oneself and innocent bystanders. *Id*. at 367-68. The Court noted that the maximum terms of imprisonment further indicated the offense's seriousness. *See Id*. at 367.

Applying the above factors to the facts of this case, we recognize that petit theft was historically tried before justices of the peace, not juries, as noted by the *Danner* court. Accordingly, this factor weighs in favor of not attaching a jury trial right in the first instance.

We next look to whether conviction of theft less than $100 subjects one to an infamous punishment. We note that although the crime here and those in *Danner* and *Kawamura* are in someways identical in that they involve the crime of "petty theft," the crimes are significantly different in terms of punishment. In both *Danner* and *Kawamura* petit larceny permitted a maximum prison sentence of 18 months. The maximum prison sentence here is significantly less, 90 days. Additionally, the statute in *Danner* specifically allowed for confinement in the penitentiary and, although the statute in *Kawamura* did not expressly state where one was to be confined, the Court noted that confinement in the penitentiary was possible if it exceeded three months. Now, by statute, one cannot be sentenced to the penitentiary for 12 months or less. *See* Md. Code (1999, 2008 Rep. Vol.), § 9-104(b) of the Correctional Services Article ("C.S") (a court may not sentence an

individual to the State penitentiary for 12 months or less). Therefore, a person convicted of theft of property less than $100 cannot be sentenced to more than three months of imprisonment and no longer can be sentenced to the penitentiary for that crime. As a result, the possible punishment for this crime is not an infamous punishment. This factor also weighs in favor of not attaching a jury trial right in the first instance.

We now turn to whether theft of property valued at less than $100 is, in itself, an infamous crime. In doing so, we recognize *Kawamura*'s admonition that "[t]heft, regardless of the amount involved, is and always has been regarded as an extremely serious offense in Maryland." 299 Md. at 296.

When the General Assembly amended the theft statute in 2004, it changed the monetary value of the property stolen and their corresponding penalties and it added a new petty theft sentencing category – theft of property valued at less than $100. *See* C.L. § 7-104(g)(3)(i). The statute now provides for three felony theft crimes and two misdemeanor theft crimes, depending on the amounts involved.[2] The two misdemeanor offenses are theft

---

[2] Maryland's consolidated theft statute, provides in pertinent part:

(1) A person convicted of theft of property or services with a value of:

     (i) at least $1,000 but less than $10,000 is guilty of a felony and . . . subject to imprisonment not exceeding 10 years or a fine not exceeding $10,000 or both[.]

     (ii) at least $10,000 but less than $100,000 is guilty of a felony and . . . subject to imprisonment not exceeding 15 years or a fine not exceeding $15,000 or both[.]

less than $1,000 and theft less than $100. *See* C.L., §§ 7-104(g)(2), (3). The former provides for a more serious sentence, imprisonment not exceeding 18 months and/or a fine not exceeding $500; the latter a less serious sentence, imprisonment not exceeding 90 days and/or a fine not exceeding $500. *See id*. According to the FLOOR REPORT on Senate Bill 513, which was introduced "By Request – Maryland Judicial Conference," the offense of theft less than $100 was created "in an attempt to keep some relatively minor theft related cases before the District Court."

Given the legislature's clear intent to bifurcate the crime of petty theft between a more and less serious offense and more and less serious punishment, we find instructive the Court's remarks at the end of its opinion in *Fisher*. The Court noted that in 1969, the General Assembly replaced the offense of driving while under the influence with two offenses. *See Fisher*, 305 Md. at 368. The first and more serious offense is driving while intoxicated, punishable by imprisonment not exceeding one year and/or a fine of not more

_____

(iii) $100,000 or more is guilty of a felony and . . . subject to imprisonment not exceeding 25 years or a fine not exceeding $25,000 or both[.]

(2) [A] person convicted of theft of property or services with a value of less than $1,000, is guilty of a misdemeanor and . . . subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both[.]

(3) A person convicted of theft of property or services with a value of less than $100 is guilty of a misdemeanor and . . . subject to imprisonment not exceeding 90 days or a fine not exceeding $500 or both[.]

C.L. § 7-104(g).

than $1,000. *See id.* The second and less serious offense is driving while under the influence of alcohol, punishable by two months of imprisonment and/or a fine of not more than $500. *See Id.* (citing Tr. § 21-902(b)). Both are classified as misdemeanors. The Court stated that in its view, the "Legislature has provided a way for the prosecution to accomplish essentially the same result as under § 4-302(d)(2)(ii) in a case not sufficiently serious to warrant transfer to the Circuit Court for a jury trial." *Id*. The *Fisher* Court concluded that the State constitutional right to a jury trial would attach to the offense of driving while intoxicated but not attach to the offense of driving while under the influence of alcohol. *See Id*. at 369.

In our view, the legislature here, in bifurcating the offense and punishment for petty theft into a more serious and a less serious category, created a constitutionally valid mechanism that keeps some petty thefts in the District Court in the first instance, subject to an appeal and a trial *de novo* in the circuit court. The maximum prison sentence of 90 days reflects the less serious nature of theft of property valued at less than $100 and the punishment is not an infamous crime. Thus, this factor weighs in favor of not attaching Maryland's right to a jury trial without first having a trial in the District Court.

In sum, we are persuaded that Maryland's constitutional right to a jury trial, in the first instance, does not attach to the offense of theft of property valued at less than $100, and thus the collateral order doctrine does not apply.

**APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANT.**